UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| United States * | |
| * | |
| v. * | |
| * | Criminal Action No. 1:15-cr-10195-IT |
| James Henry, * | |
| * | |
| Defendant. * | |

MEMORANDUM & ORDER

December 6, 2024

TALWANI, D.J.

On March 2, 2016, the court sentenced Defendant James Henry to four years incarceration and ten years of supervised release on two counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(b). Defendant's supervised release began on October 1, 2019.

Defendant now requests early termination of his supervised release on the grounds that he has complied with all conditions of his supervised release, has been actively engaged in sex offender specific treatment, and presents a very low risk to reoffend. Mot. for Early Term. of Supervised Release 6-7 [Doc. No. 85]. The government opposes early termination where Defendant has only completed about half of a term imposed in part due to the serious nature of his offense and the need to ensure that he does not engage in this conduct again, and where Defendant is currently on unpaid leave from his employment. Gov't Response [Doc. No. 86]. Probation opposes his release due to the nature of his offense. Probation Response [Doc. No. 87].

18 U.S.C. § 3583(e)(1) provides that, after considering "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the

public from further crimes of the defendant, and to provide the defendant with needed correctional treatment in the most effective manner, id. §§ 3553(a)(2)(B)-(D), and certain other factors, id. §§ 3553(a)(4)-(7), a court may terminate a term of supervised release after one year if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Missing from the list of 3553(a) factors that a court must consider is the need "to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). While the First Circuit has concluded that a court is not forbidden from considering a factor that is not listed, see United States v. Tanco-Pizarro, 892 F.3d 472, 480 (1st Cir. 2018), the court declines to do so, viewing the factors listed in 18 U.S.C. § 3583(e)(1) as consistent with the purposes of supervised release of both protecting the community and rehabilitating, rather than punishing, the defendant.

Having considered the enumerated factors in § 3583(e), including deterring conduct, protecting the public, and providing defendant with the most effective treatment, the court finds that early termination of Defendant's supervised release is unwarranted at this time. The court recognizes and commends Defendant's progress, in particular, his active engagement in sex offender specific treatment, but in light of the Defendant's long history of collecting child pornography, and current lack of an occupation, the potential risk to the public remains. If Defendant continues to comply with his supervised release terms and sex offender specific treatment, he may renew his request in a year for termination or modification of his supervision. If he is not employed at that time, he should provide the court with details on his daily activities.

The Motion for Early Term. of Supervised Release [Doc. No. 85] is DENIED.

IT IS SO ORDERED.

December 6, 2024                             /s/Indira Talwani
                                             United States District Judge